56 F.3d 62
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie James LIVINGSTON, a/k/a Bill Livingston, a/k/a Frank
James Davis, a/k/a James Davis, Defendant-Appellant.
 No. 94-5545.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1995.
Decided May 23, 1995.
 
 George Alan DuBois, Assistant Federal Public Defender, Raleigh, NC, for appellant. Janice McKenzie Cole, United States Attorney, John Samuel Bowler, Assistant United States Attorney, Raleigh, NC, for appellee.
 Before HAMILTON, Circuit Judge, and BUTZNER and PHILLIPS, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lonnie James Livingston was originally sentenced to serve a term of 92 months for armed bank robbery and to a consecutive term of 60 months for using a firearm in a crime of violence. We remanded for resentencing without any enhancement for express threat of death. United States v. Livingston, No. 93-5763 (4th Cir. Apr. 5, 1994) (unpublished). Livingston was resentenced to a term 77 months for the bank robbery, the low end of the guideline range, to be followed by the 60-month consecutive sentence. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), contesting the district court's failure to depart for diminished capacity,[1] but stating that, in his view, there are no meritorious grounds for appeal. Livingston has filed a supplemental pro se brief in which he argues that the district court erred in the first sentencing when it applied enhancements for both bodily injury, USSG Sec. 2B3.1(b)(3)(A), and official victim, USSG Sec. 3A1.2(b).[2] He also claims that the district court failed to recognize its authority to depart to offset the double enhancement in the first sentencing, and that his attorney was ineffective at the first sentencing hearing because she failed to present unspecified mitigating factors and failed to rebut authority presented by the government in support of the double enhancement. He also claims that his second attorney has been ineffective in this appeal by providing him an incomplete transcript of the resentencing and avoiding his calls. He requests new counsel to present argument on the double-counting issue. We affirm the sentence and deny the motion for substitute counsel.
 
 
 2
 We find no merit in the issue raised by Livingston's attorney. A departure may be warranted if a non-violent offense is committed while the defendant is suffering from significantly reduced mental capacity not resulting from the voluntary use of drugs or other intoxicants. USSG Sec. 5K2.13. However, defense counsel did not request a downward departure for diminished capacity either at Livingston's first sentencing or during his resentencing. In his supplemental brief, Livingston characterizes his personal statements at both sentencings as departure requests. At the first sentencing, he described his medical history in detail[3] and stated that he did not think incarceration was the answer to his criminal conduct. He also related that he smoked $200 worth of crack and drank half a fifth of liquor just before the bank robbery. At the resentencing hearing, Livingston blamed the bank robbery on lack of proper medical care. No evidence of significantly reduced mental capacity was presented to the court in either hearing.
 
 
 3
 A district court's discretionary decision not to depart is not appealable. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). A refusal to depart which is based on the district court's belief that it lacks the authority to depart is reviewed de novo, and may require resentencing if the court is mistaken in thinking it cannot depart. United States v. Hall, 977 F.2d 861, 863-64 (4th Cir.1992). Here, there was no evidence of diminished capacity not resulting from voluntary use of drugs or alcohol. Therefore, the district court did not have authority to depart under guideline section 5K2.13.
 
 
 4
 In his supplemental brief, Livingston argues that the district court erred in applying enhancements both for bodily injury and official victim. USSG Secs. 2B3.1(b)(3)(A) (Bodily Injury), 3A1.2(b) (Official Victim).[4] This Court has held that the same conduct may be used for enhancements under more than one guideline unless such double counting is expressly forbidden by the guidelines. United States v. Crawford, 18 F.3d 1173, 1179-80 (4th Cir.), cert. denied, 63 U.S.L.W. 3262 (U.S.1994). There is no express prohibition in the guidelines against making an enhancement for bodily injury under section 2B3.1(b)(3) and an adjustment for assault on a law enforcement officer under section 3A1.2(b), based on the same conduct. Therefore, the district court did not err in making both enhancements.
 
 
 5
 Livingston also contends that the district court's factual finding that he deliberately crashed into the police car was unsupported by the evidence. However, he simply asserts that he could call expert witnesses to testify that he could not control the direction of his car once it began to slide on the grass. Before making the finding that Livingston assaulted the officer, the district court considered Livingston's statement that his gas pedal was stuck and that his car slid into the police car. The court also had statements from the two police officers who were present, both of whom believed that Livingston could have avoided the collision and chose to crash instead. On this evidence, the district court's factual finding was not clearly erroneous.
 
 
 6
 Livingston argues that, at both sentencing hearings, the district court failed to recognize its authority to depart to avoid an unfairly high sentence resulting from the double enhancement. However, Livingston at no time requested a departure to offset the double enhancement, and a departure for this reason would have been improper because both enhancements are permitted under the guidelines. Therefore, this claim is without merit.
 
 
 7
 Finally, Livingston contends that he has received ineffective assistance at sentencing and on appeal. He requests the appointment of new appellate counsel to argue that the district court erred at the first sentencing in making enhancements under guideline sections 2B3.1 and 3A1.2. A claim of ineffective assistance is not ordinarily addressed on direct appeal unless counsel's ineffectiveness is conclusively apparent from the record. United States v. Tatum, 943 F.2d 370, 379-80 (4th Cir.1991). In this case, ineffectiveness is not evident from the face of the record.
 
 
 8
 Livingston claims that his attorney in this appeal sent him a transcript of the resentencing hearing which was missing every other page, and refused to speak with him. To establish ineffectiveness, Livingston must show that his attorney's failure to communicate with him caused the attorney's performance to be defective. Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir.1983), cert. denied, 464 U.S. 1065 (1984). Livingston argues that his attorney failed to identify meritorious grounds for appeal; however, because there are no meritorious grounds for appeal, this claim is meritless.
 
 
 9
 In addition, Livingston claims that his attorney in the first sentencing was ineffective in that she failed to bring mitigating factors to the court's attention. In fact, the attorney argued vigorously and successfully for a sentence at the low end of the guideline range. He also claims that the attorney erred in failing to persuade the district court to reject the authority offered by the government for the propriety of the double enhancement.[5] Because the double enhancement is supported by this Circuit's precedent, Livingston has not shown ineffectiveness.
 
 
 10
 In accordance with Anders, we have examined the entire record in this case and find no meritorious issues for appeal. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 11
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual Sec. 5K2.13, p.s. (Nov.1993)
 
 
 [2]
 During a high-speed chase after the bank robbery, Livingston came to the end of a dead-end street, drove around a building, and crashed into a police car following him. The police officer was slightly injured. Livingston claimed that the collision was accidental. However, the injured officer and another officer who witnessed the crash stated that Livingston could have avoided the police car and appeared to hit it intentionally
 
 
 [3]
 Livingston received a head wound in a fall while doing construction work in 1985. He has complained of chronic headaches since then
 
 
 [4]
 Although this claim was not raised in the first appeal, we have considered it on the merits rather than treating it as forfeited, because the first appeal was not an Anders appeal, and Livingston did not have the opportunity to raise the issue at that time
 
 
 [5]
 The government relied on United States v. Muhammad, 948 F.2d 1449, 1455-58 (6th Cir.1991)