**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Troy D. JONES, Defendant–Appellant.**

No. 97–30641
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 7, 1998.

Stephen A. Higginson, Asst. U.S. Atty, New Orleans, LA, for Plaintiff–Appellee.

Claude John Kelly, III, New Orleans, LA, for Jones.

Troy D. Jones, Florence, CO, pro se.

Before JONES, SMITH and STEWART, Circuit Judges.

STEWART, Circuit Judge:

Troy D. Jones appeals from his sentence for bank robbery and use of a firearm in the commission of a felony. While fleeing from the bank robbery, Jones fired his gun at the pursuing police officers, one of whom was injured by glass from the windshield, which had been shattered by Jones' bullets. Based on this event, Jones was given a two-level sentence enhancement for causing bodily injury to a victim, pursuant to U.S. Sentencing Guidelines ("Guidelines") § 2B3.1(b)(3)(A), as well as a three-level enhancement for assaulting an official victim, pursuant to Guidelines § 3A1.2(b). As a result, Jones was sentenced to 78 months' imprisonment for the bank robbery count and 60 months' imprisonment, to be served consecutively, for the firearm count. For the following reasons, we affirm the sentence imposed by the district court.

On appeal, Jones argues that the imposition of both enhancements for the same conduct against the same victim constituted impermissible double-counting. We review the application of the Guidelines *de novo*. *United States v. Edwards,* 65 F.3d 430, 432 (5th Cir.1995).

Whether the imposition of both §§ 2B3.1(b)(3)(A) and 3A1.2(b) for a single victim constitutes double-counting is an issue of first impression in this circuit. However, the Sixth and Seventh Circuits have both held that such an action does not constitute double-counting, because each enhancement applies to different aspects of the same conduct. *See United States v. Swoape,* 31 F.3d 482, 483 (7th Cir.1994); *United States v. Muhammad,* 948 F.2d 1449, 1458 (6th Cir. 1991). In addition, the Guidelines section entitled, "Questions Most Frequently Asked About the Sentencing Guidelines," contains a hypothetical scenario identical to the instant case, and concludes that both enhancements may be applied because the assaultive behavior against the police officer, as punished by § 3A1.2, is not specifically incorporated into § 2B3.1. U.S.S.G.App. E., no. 54 (Nov. 1995) (citing *Muhammad* ). However, as stated by the disclaimer, this Guidelines section is merely instructive and is not meant to be binding on the courts. *Id.* at cover; *see United States v. Parks,* 924 F.2d 68, 73–74 (referring to Questions Most Frequently Asked About the Sentencing Guidelines section as "advisory").

This court has held that "double counting is prohibited only if the particular guidelines at issue forbid it." *United States v. Morris,* 131 F.3d 1136, 1139–40 (5th Cir.1997) (citation omitted) (noting that § 2A2.2 of the Guidelines does not expressly prohibit double-counting), *cert. denied,* —— U.S. ——, 118 S.Ct. 1546, 140 L.Ed.2d 694; *see also United States v. Box,* 50 F.3d 345, 359 (5th Cir.1995). As the Guidelines do not specifically prohibit double-counting in regards to the imposition of § 2B3.1(b)(3)(A) and § 3A1.2(b), we need

not decide whether the imposition of § 2B3.1(b)(3)(A) and § 3A1.2(b) for a single act against a single victim constitutes double-counting, for even if this were true, such double-counting would be permissible under the Guidelines.[1] Therefore, the district court did not err in applying both guidelines in Jones' sentencing.

Accordingly, the sentence imposed by the district court is AFFIRMED.

1. This conclusion was also reached by the Fourth Circuit, which reasoned that, even if the imposition of §§ 2B3.1(b)(3)(A) and 3A1.2(b) for a single victim constituted double-counting, it was nonetheless permissible because it was not specifically prohibited by the Guidelines. *See United States v. Livingston,* 56 F.3d 62, 1995 WL 318592, at **2 (4th Cir.1995) (unpublished opinion); *United States v. Latimer,* 46 F.3d 1128, 1995 WL 19342, at **2–3 (4th Cir.1995) (unpublished opinion).