United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 1, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03 – 10637
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

   v.

JIMMY TODD,

                Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Northern District of Texas
(4:02-CR-99-ALL)

_____

Before REYNALDO G. GARZA, DAVIS, and BARKSDALE, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

     In this appeal, we review Defendant - Appellant, Jimmy Todd's, sentence pursuant to his conviction for possession of child pornography on government property. For the following reasons, we uphold the sentence.

I.

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

FACTUAL AND PROCEDURAL HISTORY

Todd worked for the United States Department of Agriculture (hereinafter, "USDA") in Fort Worth, Texas from January of 1997 until August of 2001. In 2000, Todd was issued a computer by the USDA. From at least April 20, 2001 until May 4, 2001, Todd downloaded images of child pornography from the internet onto his computer. Todd placed these images on CD's that he took to his residence. He also posted these images for transfer to other users through an internet sharing program known as Limewire.

On October 11, 2001, special agents from the USDA, along with agents from the FBI, executed a search warrant of Todd's residence, during which they found the previously mentioned CD's containing images of child pornography. The agents were also able to retrieve several images of child pornography from Todd's computer.

Todd was charged with three counts involving the receipt and possession of child pornography on government property, in violation of 18 U.S.C. § 2252(a)(4)(A) and (b)(2). Todd pleaded guilty and stipulated to the above facts, but he objected to the Presentence Report (hereinafter, "PSR"). Todd argued that his conduct did not amount to trafficking in child pornography, and thus, did not merit the application of U.S.S.G. § 2G2.2. Todd argued that his conduct amounted to mere possession and should be covered by U.S.S.G. § 2G2.4, which would lower his offense level by two points.

The government explained that the program Todd used to download the images of child pornography automatically placed those images in a folder accessible to other users. In fact, the FBI was notified of the images by a student at Stanford University that saw the file names of the images (such as "eight-year-old having sex.mpg") and discovered Todd's identity by tracking his

host internet protocol. The government also pointed out that the Limewire program's specific purpose is to share files, and the user is warned twice during the installation of the program that any file he downloads will be shared by default. FBI agents also testified that Todd was a sophisticated computer user based upon the evidence that he had installed software to "wipe" his computer and software to detect if someone was monitoring his computer.

The district court overruled Todd's objections to the PSR and applied U.S.S.G. § 2G2.2. The court also assessed two points to Todd's offense level pursuant to U.S.S.G. § 2G2.2(b)(2)(E) after finding that Todd had distributed the pornographic material when he posted the material for transfer. The court sentenced Todd to 57 months' imprisonment, three years' supervised release, and a $100 mandatory special assessment. Todd timely appealed.

## II.

## STANDARD OF REVIEW

We review the district court's interpretation and application of the Sentencing Guidelines de novo. *United States v. Charles*, 301 F.3d 309, 312 (5th Cir. 2002). We review the district court's factual findings for clear error. *United States v. Paul*, 274 F.3d 155, 161 (5th Cir. 2001).

## III.

## U.S.S.G. § 2G2.2

Todd first argues that the district court erred in applying U.S.S.G. § 2G2.2 instead of U.S.S.G. § 2G2.4 because he merely possessed the images of child pornography. Section 2G2.4 applies to offenses for possession, but section 2G2.4(c)(2) states that the court should apply section 2G2.2 if the offense involved "trafficking in material involving sexual exploitation of a minor (including receiving, transporting, shipping, advertising, or possessing material involving

the sexual exploitation of a minor with the intent to traffic)...” U.S.S.G. § 2G2.4(c)(2).

While the sentencing guidelines do not define trafficking, the definition traditionally encompasses both buying and selling commodities for money and exchanging commodities by barter. *Id.* at 163. The Limewire program was designed to share or barter files. Todd was free to download files offered by other users. In return, other users were free to download Todd's files. Todd was warned that his files would be shared at least twice when he downloaded and used the Limewire program. The images on Todd's computer were actually offered to others because the FBI was notified of the existence of these images by another Limewire user who could have accessed those files.

By downloading the images and making them accessible to others, Todd's conduct met the definition of "trafficking" in section 2G2.2. *See Id.* Further, the act of receiving child pornography is alone sufficient to trigger the application of section 2G2.2. *United States v. Canada*, 110 F.3d 260, 264 (5th Cir. 1997). The district court did not err in applying this section of the sentencing guidelines to Todd's offense.

IV.

DOUBLE COUNTING

Todd argues for the first time on appeal that the district court erred by increasing his offense level by two points based upon U.S.S.G. § 2.G2.2(b)(2)(E) after finding that Todd distributed pornography. Todd argues that this increase is impermissible double counting because it punishes the same conduct as was used to apply section 2G2.2 for trafficking. Todd concedes, however, that double counting is not prohibited unless it is specifically prohibited by the guideline in question. *United States v. Jones*, 145 F.3d 736, 736-37 (5th Cir. 1998).

Neither section 2G2.2(b)(2)(E), nor section 2G2.4(c)(2) prohibits double counting. *Id.* at 737. Section 2G2.2(b)(2)(E) requires the district court to impose a two-level increase if the offense involved distribution, which the guideline defines as "any act, including production, transportation, and possession with intent to distribute, related to the transfer of material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.2, comment. (n.1). As previously discussed, Todd distributed the images of child pornography by making them available to other Limewire users. Thus, the district court did not err in applying the increase.

V.

CONCLUSION

For the foregoing reasons, we uphold the conviction and sentence.