United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 03-10637
Summary Calendar

---

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JIMMY TODD,

> Defendant - Appellant

---

Appeal from the United States District Court
for the Northern District of Texas
(02-CR-99)

---

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before DAVIS and BARKSDALE, Circuit Judges.[*]

PER CURIAM:[**]

In our previous opinion in this case, we affirmed Defendant-Appellant Todd's conviction and sentence, and found no error in interpretation or application of the sentencing guidelines. <u>See</u>

---

[*]This appeal is being decided by a quorum due to the death of Judge Reynaldo G. Garza.

[**]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

-1-

<u>United States v. Todd</u>, No. 03-10637, 100 Fed. Appx. 248 (5th Cir. 2004)(unpublished).  Following our judgment, Todd filed a petition for certiorari, in which he challenged for the first time the constitutionality of the Sentencing Guidelines as applied to him.  The Supreme Court granted Todd's petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  We now reconsider the matter in light of <u>Booker</u> and decide to reinstate our previous judgment affirming Todd's conviction and sentence.

Appellant concedes that he raised a <u>Booker</u>/ <u>Blakely</u> objection for the first time in his certiorari application.  Because Todd did not raise any <u>Booker</u>-related challenges to his sentence until his petition for certiorari, we will not review his claim absent extraordinary circumstances.  <u>United States v. Taylor</u>, No. 03-10167, 409 F.3d 675, at 676 (5th Cir. May 17, 2005).  Our cases make it clear that an argument not raised in appellant's original brief as required by Fed. R. App. P. 28 is waived.[3]  Appellant argues

---

[3]    <u>See Procter & Gamble Co. v. Amway Corp.</u>, 376 F.3d 496, 499 (5th Cir. 2004)(party waived argument not included in original brief to panel); <u>Yokey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).  <u>See also</u> 16A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3974.1 at 501 (1999)(issues not raised in appellant's initial brief normally will not be considered by the court); Fed. R. App. P. 28 (a)(9)(A) which states that an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

that under a plain error standard, he can show that the district court would have imposed a lighter sentence had the Judge known the guidelines were advisory. United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005). Even if appellant can make this showing and satisfy the plain error test, he has not met the even more exacting test required to show the presence of extraordinary circumstances, which requires appellant to show a "possibility of injustice so grave as to warrant disregard of usual procedural rules." McGee v. Estelle, 722 F.2d 1206, 1213 (5th Cir. 1984) (footnote omitted).

Todd also argues that application of Justice Breyer's remedial opinion in Booker would strip him of his constitutional protections against *ex post facto* laws. He explains that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) gave him the right to a jury trial on all facts essential to his sentence and Justice Breyer's remedial opinion in Booker stripped that right away. In United States v. Scroggins, 411 F.3d 572, 575-76 (5th Cir. 2005), we rejected that argument and held that Booker required us to apply both Justice Stevens' merits opinion and Justice Breyer's remedial opinion in Booker to all cases such as this one on direct review.

For the reasons stated above, our prior disposition remains in effect, and we REINSTATE OUR EARLIER JUDGMENT affirming Todd's conviction and sentence.