United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10600
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

TRAVOSKI DEMON OSBY,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-131-4
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Travoski Demon Osby pleaded guilty without the benefit of a

plea agreement to conspiracy to commit unauthorized use of an

access device, two counts of unauthorized use of an access

device, and wire fraud.  See 18 U.S.C. §§ 371, 1029(a)(2) & 1343.

Osby argues that the district court erred in calculating the

total loss attributed to him, in assigning a leadership role

increase, and in double-counting guideline provisions for

stealing employer information and for abusing a position of

trust.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Osby has failed to brief his arguments that the district court erred in denying his motion for a downward departure, that the district court erred in assessing $500 to the total loss for unused credit cards, and in assessing an increase pursuant to U.S.S.G. § 3B1.3 in violation of the Ex Post Facto Clause. Accordingly, these arguments are abandoned on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Osby argues that the district court erred in assigning a 14-level increase in his base offense level by determining that the total loss attributable to Osby was over $400,000. The calculation of a loss amount involved in a theft offense is considered a factual finding reviewed for clear error. United States v. Ismoila, 100 F.3d 380, 396 (5th Cir. 1996). According to this court's precedent and the commentary to § 2B1.1, loss valuations are not subject to rigid formulas. See § 2B1.1, comment. (nn.2-3); see Ismoila, 100 F.3d at 396. Based upon the testimony of Earl Camp, lead Federal Bureau of Investigation (FBI) agent assigned to Osby's case, and the exhibits introduced at the sentencing hearing, the district court did not commit clear error in calculating Osby's total loss. See Ismoila, 100 F.3d at 396.

Osby argues that the district court erred in assigning a two-level increase pursuant to § 3B1.1(a) for his leadership role in the offense. The district court did not commit clear error in assigning this increase based upon the testimony of Agent Camp

regarding Osby's role in the offense. See United States v. Villanueva, 408 F.3d 193, 204 (5th Cir. 2005). Camp testified that, based upon the investigation, Osby recruited at a minimum of seven people to assist in his conspiracy relating to Citicorp.

Finally, Osby argues that the district court impermissibly double-counted by assigning a two-level increase pursuant to § 2B1.1(b)(10)(C)(i) for stealing identification information and also by assigning a two-level increase pursuant to § 3B1.3 for abusing a position of trust. Because the issue of double counting involves the district court's application of the guidelines, the issue is reviewed de novo. See United States v. Jones, 145 F.3d 736, 737 (5th Cir. 1998). The district court did not impermissibly double-count in assigning the increases because the two guidelines addressed different offense characteristics. See id. Accordingly, the judgment of the district court is AFFIRMED.