# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2010

No. 09-10800
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROYCE DEAN POWERS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-38-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Royce Dean Powers pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The district court imposed a 97-month term of imprisonment to be followed by a life term of supervised release. Powers appeals his sentence.

Sentences are reviewed for reasonableness. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), this court must determine whether the sentence imposed is procedurally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence is substantively reasonable. Review is for abuse of discretion. *Id.* A district court's interpretation and application of the guidelines is reviewed de novo. *See United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Powers first contends that the district court committed procedural error by applying offense level enhancements for both distribution of child pornography under U.S.S.G. § 2G2.2(b)(3)(F) and use of a computer under § 2G2.2(b)(6). Although the offense of conviction is possession, Powers used a peer-to-peer program on his computer to obtain images of child pornography and, also, to make the images available to others. Under the Guidelines, making the images available to others constitutes distribution and may be accounted for as relevant conduct. *See* § 2G2.2, comment. (n.1); U.S.S.G. § 1B1.3(a); *cf. United States v. Fowler*, 216 F.3d 459, 461-62 (5th Cir. 2000). Multiple enhancements are permissible except when specifically prohibited by the applicable Guideline. *See United States v. Jones*, 145 F.3d 736, 737 (5th Cir. 1998); U.S.S.G. § 1B1.1, comment. (n.4(A)). Section 2G2.2 contains no such prohibition.

Powers also challenges the substantive reasonableness of his sentence. If the district court imposes a sentence within a properly calculated guidelines range, as herein, we may apply a presumption of reasonableness to the sentence on appellate review, inferring that the district court considered all the relevant sentencing factors. *Rita v. United States*, 551 U.S. 338, 347 (2007); *see also United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

At sentencing, the district court had before it the presentence report (PSR) and PSR Addendum, Powers's objections, and the Government's responses. The district court adopted the calculations and findings of the PSR; heard Powers's expression of remorse; and considered counsel's arguments for a lower sentence based on Powers's mental health issues, history of substance abuse, and medical

problems. As evidenced by findings in the PSR, the court was further aware of Powers's lack of criminal history and lifetime of responsible conduct. The court, however, did not agree that these factors merited a sentence below the applicable guidelines range. Powers has failed to show that the district court's presumptively reasonable choice of a within-guidelines sentence was an abuse of discretion. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.