# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40842

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JUAN GERARDO RODRIGUEZ-MANTOS, also known as Gera,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1266-6

Before KING, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Gerardo Rodriguez-Mantos, who pleaded guilty to several harboring-related offenses, contends that the district court's sentence erred both procedurally and substantively. Because the record demonstrates that the district court considered the factors listed in 18 U.S.C. § 3553(a) in its departure and variance from the Sentencing Guidelines and relied on evidence with sufficient indicia of reliability, we hold that it did not

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 17-40842

err procedurally.  Because the record demonstrates that the district court considered the 18 U.S.C. § 3553(a) factors, did not overemphasize an improper factor, and did not make an error in judgment, we hold that it did not err substantively.  Accordingly, we AFFIRM.

I.

Defendant Juan Gerardo Rodriguez-Mantos was involved in running a stash house in Laredo, Texas, where he harbored several illegal aliens.  He pleaded guilty to eight counts related to conspiring to transport illegal aliens, aiding and abetting their transportation, and harboring and shielding them from detection.  In making its calculation under the Sentencing Guidelines, the district court applied four sentencing enhancements for: (1) the number of aliens involved; (2) Rodriguez-Mantos's brandishing of a dangerous weapon; (3) his reckless creation of a substantial risk of death or serious bodily injury; and (4) a victim who sustained serious bodily injury.  It also applied a reduction for his acceptance of responsibility.  The end result scored Rodriguez-Mantos at level 25 with a criminal history category of I, yielding a Guidelines range of 57 to 71 months of imprisonment.

The district court held three hearings before imposing the sentence.  Over the course of the hearings, it notified the parties that it was considering an "upward variance and departure" based on the facts in the presentence report (PSR), and also heard testimony from the victims.  One woman testified that Rodriguez-Mantos and a co-conspirator forcefully removed her clothes and sexually assaulted her.  She said, "[the assault] has affected me greatly.  I am always fearful; I'm fearful of going out.  I'm fearful that someone may do something to me."  Another woman testified that Rodriguez-Mantos forced her to take drugs so that "everything they would do to [her would] hurt less."  This victim said, "I am not the same person I used to be.  I cannot talk to anyone about this because of the shame.  No woman should have to go through what I

went through in that house." Another testified that Rodriguez-Mantos ran around threatening the victims with a baseball bat and demanding that they hand over their belongings. Another reported that "there was also a weapon." Based on this "absolutely extraordinary" testimony, the district court directed the parties to brief whether the court could impose consecutive sentences for individual counts. The district court also gave Rodriguez-Mantos nine months to produce evidence to rebut the victims' testimony.

At the third hearing, Rodriguez-Mantos declined to present rebuttal evidence, and the district court proceeded to sentence him. The court upwardly departed from the advisory Guidelines range to 84 months and upwardly varied to run the counts consecutively based in part on Rodriguez-Mantos's sexual assaults and use of weapons in trafficking the aliens. The district court imposed a sentence of 84 months on each of the three substantive harboring counts, to run consecutive to each other and concurrent with the other counts. *Id.* The total sentence was 252 months, or 84 times three. Rodriguez-Mantos appealed, challenging the departure and variance on both procedural and substantive grounds.

## II.

A two-step review applies to a district court's sentencing decision. *United States v. Robinson*, 741 F.3d 588, 598 (5th Cir. 2014). First, we determine whether the district court made a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is procedurally sound or its error is harmless, then we "consider the substantive reasonableness of the sentence imposed." *Robinson*, 741 F.3d at 598.

We review the reasonableness of a sentence for abuse of discretion. *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011). But plain error review applies to any objection that the defendant failed to preserve. *Stanford*, 823 F.3d at 843. To preserve an objection, the defendant must raise his

objection with enough specificity to alert the district court to the nature of the alleged error and to provide opportunity for correction. *United States v. Chavez-Hernandez*, 671 F.3d 494, 499 (5th Cir. 2012); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To obtain relief under plain error review, an appellant must show: (1) that there is "an error that has not been intentionally relinquished or abandoned"; (2) that the error is clear or obvious; (3) that the error affected the appellant's substantial rights, such that "but for the error, the outcome of the proceeding would have been different"; and (4) that "the court of appeals should exercise its discretion to correct the forfeited error because it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Rosales-Mirales v. United States*, 138 S. Ct. 1897, 1904–05 (2018).

### III.

### A.

For a sentence that varies or departs from the Guidelines to be procedurally sound, the district court must consider all of the 18 U.S.C. § 3553(a) factors and provide an adequate explanation for the sentence. *See Gall*, 552 U.S. at 49–50. Rodriguez-Mantos asserts that the district court failed to consider one of them: "the applicable guidelines or policy statements." 18 U.S.C. § 3553(a)(4)(B). Specifically, he alleges that the Guidelines already accounted for the harms in the case. Because he made this argument in his sentencing brief, we review this procedural argument for abuse of discretion.

Rodriguez-Mantos contends that the district court ignored the Guidelines in multiple ways. First, he asserts that the district court "double counted," using victim impact as the basis of a variance even though the Guidelines' enhancements already took this into account. But "double counting is prohibited only if the particular Guidelines at issue forbid it." *United States v. Jones*, 145 F.3d 736, 737 (5th Cir. 1998); *see also United States*

*v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Rodriguez-Mantos offers no indication that the applicable Guidelines forbid double counting.

Rodriguez-Mantos also alleges that the district court ignored the Guidelines by using his "lack of remorse" to support an upward variance even though the Guidelines *reduced* his sentence for "acceptance of responsibility." But we have held that "'lack of remorse' and 'acceptance of responsibility' can be separate factors and that a district court may consider each independently of the other." *See United States v. Douglas*, 569 F.3d 523, 527 (5th Cir. 2009).

Rodriguez-Mantos also contends that the district court failed to consider his low criminal history category of I under the Guidelines by giving him a sentence far too high for a defendant in that category. But the district court explained that his criminal history was underrepresented: he had prior unprosecuted and still-pending charges.[1] A district court may depart from the Guidelines based on the lack of deterrence provided by a prior lenient sentence, or by the lack of any sentence. *See United States v. Lee*, 358 F.3d 315, 328–29 (5th Cir. 2004). As a result, the district court did not abuse its discretion in considering Rodriguez-Mantos's underrepresented criminal history.

Last, Rodriguez-Mantos contends that even if the district court did consider the Guidelines, its explanation of the sentence was conclusory and therefore inadequate. *See Gall*, 552 U.S. at 50 ("[the sentencing judge] must adequately explain the chosen sentence"). However, the district court made its findings after having three different hearings with extensive testimony, giving both parties an opportunity to brief the sentencing issues, and discussing the

---

[1] In sentencing, a district court may not rely on a "bare arrest record": a record that refers to the "mere fact of an arrest—*i.e.*[,] the date, charge, jurisdiction and disposition—without corresponding information about the underlying facts or circumstances regarding the defendant's conduct that led to the arrest." *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013). In the instant case, however, the PSR provided a sufficient "factual recitation of the defendant's conduct that gave rise to [ ] prior unadjudicated arrest[s]." *Id.*

relevant § 3553 factors.    The court also gave Rodriguez-Mantos ample opportunity to prepare and produce his own evidence.  It provided a detailed explanation for the departure and variance: Rodriguez-Mantos's part in an "extensive conspiracy" in which he "victimize[ed] no less than four victims," forced his victims "to consume drugs," threatened "several aliens with a gun," and sexually assaulted some of them.  Moreover, Rodriguez-Mantos "showed no remorse for his victims." *Id.*  This explanation is sufficiently detailed, so we hold that the district court did not abuse its discretion by failing to consider the § 3553 factors.

## B.

Rodriguez-Mantos also asserts that the district court relied on clearly erroneous facts in the PSR: allegations that he sexually assaulted the victims at the stash house.  In sentencing, a district court may consider any evidence that "bears sufficient indicia of reliability," and presentence reports generally meet that requirement.  *United States v. Hawkins*, 866 F.3d 344, 347 (5th Cir. 2017).  Courts may rely on evidence in a PSR unless the defendant "present[s] evidence to the contrary." *Id.*  Despite having nine months between the second and third sentencing hearings to produce rebuttal evidence, Rodriguez-Mantos offered only blanket denials to the evidence in the PSR and in victim testimony.  On this record, Rodriguez-Mantos does not establish that the district court committed clear error in its fact finding.

## IV.

Turning to the substantive reasonableness of the district court's variance from the Guidelines, we consider the totality of the circumstances, including the extent of the variance, to determine if the § 3553(a) factors support the sentence.  *Gall*, 552 U.S. at 50.  "[A] major departure [from the Guidelines] should be supported by a more significant justification than a minor one." *Id.*  "Review for substantive reasonableness is highly deferential, because the

sentencing court is in a better position to find facts and judge their import under § 3553(a) factors with respect to a particular defendant." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (internal quotation marks omitted). A substantial upward variance from the Guidelines will be upheld when it "is commensurate with the individualized case-specific reasons provided by the district court." *Id.* "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The government argues that review is for plain error because Rodriguez-Mantos's objections were insufficiently particular, while Rodriguez-Mantos insists that review is for abuse of discretion. We assume, without holding, that the review of the sentence's substantive reasonableness is for abuse of discretion, because we affirm the sentence under either standard of review.

Rodriguez-Mantos contends first that his sentence is substantively unreasonable because it fails to take the Guidelines into account, as required by § 3553(a). This argument mirrors his procedural argument for "double counting," and we reject the substantive argument for similar reasons. The district court "properly calculated the applicable Guideline range." *Smith*, 440 F.3d at 710. It then determined that the sentence did not adequately serve the objectives of § 3553(a) and provided a sufficient statement of reasons explaining how the § 3553(a) factors supported its variance. The sentencing court is in a better position to find facts and judge their import, *Diehl*, 775 F.3d at 724, and double counting is not a sufficient basis to withhold the high deference we owe them in this inquiry. *Brantley*, 537 F.3d at 350.

No. 17-40842

Rodriguez-Mantos also cites *United States v. Garcia-Gonzalez*, 714 F.3d 306 (5th Cir. 2013), in which we affirmed a within-Guidelines sentence for a defendant who, while harboring minor female illegal aliens, coerced them into prostitution. *Id.* at 311. Because the *Garcia-Gonzalez* defendant received a within-Guidelines sentence for what Rodriguez-Mantos asserts is more egregious conduct, he claims that we must reverse. But the sentence in *Garcia-Gonzalez*, while within the Guidelines, was for 360 months of imprisonment, more than eight years longer than the sentence in the instant case. *Id.* Under our highly deferential review for substantive reasonableness, we cannot say that the district court in the instant case, in its case-specific departure and variance from the Guidelines, was bound by the sentence in *Garcia-Gonzalez* when the Guidelines in that case already supplied a far greater prison term.

Rodriguez-Mantos also contends that the district court placed too much emphasis on an improper factor: his alleged sexual assault. He claims that the district court's consideration of this factor violates principles of federalism, imposing a sentence for a crime it has no jurisdiction to determine was violated. Texas alone, he claims, can define and enforce its own criminal laws. But the district court did not improperly step into the domain of Texas criminal law enforcement because it did not find him guilty of this crime. By contrast, the district court considered the allegations of sexual assault as part of the "the nature and circumstances of [the harboring-related] offense[s]" to which he pleaded guilty. 18 U.S.C. § 3553(a)(1). A district court may do this so long as the evidence on which it relies "bears sufficient indicia of reliability." *Hawkins*, 866 F.3d at 347. Despite having nine months to prepare and provide rebuttal evidence, Rodriguez-Mantos never did so. Thus, the district court did not abuse its discretion in considering this factor.

Last, Rodriguez-Mantos asserts that the district court made a clear error of judgment. But, just as in *Diehl*, 755 F.3d at 724, the sentence in the instant

8

No. 17-40842

case is "well-supported by the facts and by the district court's consideration and explanation of the § 3553(a) factors." This court has consistently upheld even larger variances when the sentence was justified by the sentencing factors. *See United States v. Hebert*, 813 F.3d 551, 562–63 (5th Cir. 2015) (holding that a variance from 6–7 years to 92 years was substantively reasonable); *Diehl*, 775 F.3d at 726 (affirming a sentence of incarceration 253 percent higher than the upper limit of the Guidelines range); *United States v. Smith*, 417 F.3d 483, 492–93 (5th Cir. 2005) (affirming a sentence of incarceration nearly 300 percent higher than the upper limit of the Guidelines range); *United States v. Saldana*, 427 F.3d 298, 312 (5th Cir. 2005) (affirming a sentence that quadrupled the maximum sentence allowable under the Guidelines).

For these reasons, we AFFIRM.