# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2019

Lyle W. Cayce
Clerk

No. 18-11590
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEPHFON GILFORD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-173-2

Before STEWART, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Stephfon Gilford pleaded guilty to maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1), and the district court sentenced him to 78 months of imprisonment and imposed a three-year term of supervised release. On appeal, Gilford argues that the district court plainly erred in applying the U.S.S.G. § 2D1.1(b)(12) enhancement for maintaining a premises for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purpose of manufacturing or distributing a controlled substance because the district court double counted the underlying offense conduct.

Because Gilford did not object to the enhancement in the district court, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain error review, Gilford must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* If Gilford makes such a showing, this court has the discretion to correct the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 135 (internal quotation marks, brackets, and citation omitted). On plain error review, an error is not clear or obvious if it is subject to reasonable dispute or requires the extension of precedent. *Id.*

We have "held that double counting is prohibited only if the particular guidelines at issue forbid it." *United States v. Jones*, 145 F.3d 736, 737 (5th Cir. 1998). Double counting is not prohibited under § 2D1.1, U.S.S.G. § 2D1.8, and their accompanying commentary. *See* § 2D1.1; § 2D1.8. In addition, this circuit has not addressed whether the application of the § 2D1.1(b)(12) premises enhancement in an § 856(a)(1) case constitutes impermissible double counting under the Guidelines. Therefore, Gilford raises an issue subject to reasonable dispute and, thus, it is not clear or obvious error. *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.