# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2020

Lyle W. Cayce
Clerk

No. 20-10356
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CRYSTAL ZUNIGA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-357-1

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Crystal Zuniga pleaded guilty to maintaining a drug-involved premises, in violation of 18 U.S.C. § 856(a)(1). Following a contested sentencing hearing, the court sentenced her to, *inter alia*, a within-Sentencing Guidelines term of 121-months' imprisonment. Zuniga challenges the court's application of the two-level sentencing enhancement under

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

Guideline § 2D1.1(b)(12) for maintaining a drug premises. Relying on *United States v. John*, 309 F.3d 298, 305–06 (5th Cir. 2002), she contends imposing the enhancement constituted impermissible double-counting, asserting the act of maintaining a drug premises is already factored into the base offense level for violating 18 U.S.C. § 856(a)(1).

Although post-Booker, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A district court's imposing the Guideline § 2D1.1(b)(12) maintaining-a-drug-premises enhancement is a factual finding reviewed for clear error, *United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017); but, deciding whether the imposition of the maintaining-a-drug-premises enhancement constitutes impermissible double counting is an application of the Guidelines reviewed *de novo*, *see United States v. Jones*, 145 F.3d 736, 737 (5th Cir. 1998).

"Double counting is prohibited only if the particular guidelines at issue specifically forbid it." *United States v. Jimenez-Elvirez*, 862 F.3d 527, 541 (5th Cir. 2017) (internal quotation marks and citation omitted). Neither Guideline § 2D1.1 nor § 2D1.8 expressly prohibits double counting. *See United States v. Gilford*, 782 F. App'x 359, 360 (5th Cir. 2019).

AFFIRMED.