# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2021

Lyle W. Cayce
Clerk

No. 20-51057
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRIAN MOON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-149-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Brian Moon pleaded guilty to maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1). The district court sentenced Moon to a within-guidelines term of 30 months of imprisonment and three years of supervised release. On appeal, Moon challenges the court's application of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

the two-level sentencing enhancement under Sentencing Guideline § 2D1.1(b)(12) for maintaining a drug premises. He contends that imposing the enhancement constituted impermissible double-counting, asserting that the act of maintaining a drug premises is already factored into the base offense level for violating § 856(a)(1).

Where, as here, a potential guidelines calculation error has been preserved, this court reviews the district court's interpretation of the Guidelines de novo and its factual findings for clear error. *See United States v. Fernandez*, 770 F.3d 340, 342-44 (5th Cir. 2014). A district court's decision to impose the § 2D1.1(b)(12) enhancement for maintaining a drug premises is a factual finding reviewed for clear error. *United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017). However, whether the imposition of the maintaining-a-drug-premises enhancement constitutes impermissible double counting is an application of the Guidelines reviewed de novo. *See United States v. Jones*, 145 F.3d 736, 737 (5th Cir. 1998).

Double counting is prohibited only if the particular Guidelines at issue specifically forbid it. *United States v. Jimenez-Elvirez*, 862 F.3d 527, 541 (5th Cir. 2017) (internal quotation marks and citation omitted); *accord United States v. Luna*, 165 F.3d 316, 323 (5th Cir. 1999). Neither Guideline § 2D1.1 nor § 2D1.8 expressly prohibits double counting.

AFFIRMED.