# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2009

Charles R. Fulbruge III
Clerk

No. 07-11007

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHUCK LAVON DOUGLAS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before O'CONNOR, Associate Justice (Ret.),[*] and WIENER and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Chuck Lavon Douglas challenges his 36-month sentence, which was imposed following his guilty plea to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Finding no error, we AFFIRM.

## I. FACTUAL AND PROCEDURAL HISTORY

Chuck Lavon Douglas pled guilty on June 6, 2007, to a single count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The charge arose after a minor who was at Douglas's home at the

---

[*] The Honorable Sandra Day O'Connor, Associate Justice of the United States Supreme Court, (Ret.), sitting by designation, pursuant to 28 U.S.C. Sec § 294(a).

time accidentally shot himself in the hand with a loaded handgun that Douglas had handed to him. After the child was taken to the hospital, police obtained a search warrant and searched Douglas's residence. Douglas cooperated in the search and led police to the handgun and several rounds of ammunition. Although these events took place in late August 2003, Douglas was not charged until February 27, 2007, in part because he had been living in Mexico in an attempt to avoid arrest on other state charges.

The Second Addendum to the Presentence Report ("PSR") applied the 2006 Sentence Guidelines and assessed a base offense level of 14, which it then increased by two levels pursuant to U.S.S.G. § 2K2.1(b)(4) because the handgun's manufacturer and serial number had been obliterated. The PSR recommended a two-level reduction for acceptance of responsibility, and the government moved for an additional one-point reduction on that basis pursuant to U.S.S.G. § 3E1.1(b). After the total three-level reduction for acceptance of responsibility, Douglas's offense level was thirteen, and his criminal history category was III, yielding a Guidelines range of eighteen to twenty-four months of imprisonment.

At sentencing, the district court asked Douglas if he had anything to say, and then had the following exchange with Douglas:

> The Defendant: I have nothing to say. I have nothing to say your honor.
> The Court: So you have not learned anything from the offense?
> The Defendant: Have I learned anything?
> The Court: That's exactly what I asked.
> The Defendant: I should have stayed in Mexico. I shouldn't have come back.
> The Court: You have no remorse for what happened?
> The Defendant: I didn't do it. He done it to himself.
> The Court: Well, you pleaded guilty.
> The Defendant: To an ammunition charge.
> The Court: I thought the charge was possession of ammunition by a convicted felon, is that correct?

The Defendant: That's correct.
The Court: Well, if the ammunition was not there, it would not have happened, isn't that correct?
The Defendant: That's true; yes, sir.
. . . .
The Court: Okay, what troubles me, you made a statement just now, a few minutes ago how you should have stayed in Mexico; you should have never come back. What is that all about?
The Defendant: That's where I was living.
The Court: So what does that mean?
The Defendant: I should have stayed with my wife and child.
The Court: What's that?
The Defendant: I should have stayed with my wife and child.
The Court: Were you aware of this charge pending?
The Defendant: This one, I wasn't, no sir.
The Court: What were you aware of?
The Defendant: Aggravated assault in Hunt County and a couple of other charges.

The district court found that the Guideline calculations were correct and adopted the PSR as amended by the two Addenda. However, the district court concluded that a sentence in the Guidelines range was not "just and reasonable" in taking into account the 18 U.S.C. § 3553(a) factors, nor would it "promote respect for the law" in the case before it. The district court determined that a non-Guidelines sentence was appropriate based on the Guidelines range and the § 3553(a) factors, citing Douglas's lack of remorse, that a child was injured as a result of his offense, and that he had repeatedly indicated that he should have stayed in Mexico. The district court sentenced Douglas to thirty-six months of imprisonment and three years of supervised release.

In response to a question from defense counsel, the district court stated that the sentence was "a non-Guidelines sentence."[1] Defense counsel then

---

[1] This court's post-*Booker* case law recognizes three types of sentences: (1) one within a properly calculated Guideline range; (2) one that is an upward or downward departure as allowed by the Guidelines, which is also a Guideline sentence; or (3) a non-Guideline sentence which is either higher or lower than the relevant Guideline sentence. *United States v.*

objected to the court's non-Guidelines sentence based on the minor's injury. The district court clarified that the reasons for the upward departure were Douglas's lack of remorse and his statements that he should not have returned from Mexico, not the injury to the minor. It further explained that a twenty-four month sentence was not adequate to address the § 3553(a) concerns of promoting respect for the law and just punishment. Defense counsel maintained the objection to the upward departure, on grounds that it deprived Douglas of his credit for acceptance of responsibility and that lack of remorse was not taken into account by the court in determining the Guidelines range. Douglas appeals.

## II. DISCUSSION

### A. Standard of Review

Douglas properly objected to his sentence below, and therefore we review the district court's sentencing decision for "reasonableness." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Review of a district court's sentencing decision for reasonableness is bifurcated. *United States v. Duhon*, 541 F.3d 391, 395 (5th Cir. 2008). We first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence. *Id.* We review the district court's interpretation of the Guidelines *de novo* and its findings of fact for clear error. *Id.* The Guidelines serve as a frame of reference for non-Guideline sentences, and the more a sentence varies from the applicable Guideline sentence, the more compelling the district court's justification based on the § 3553(a) factors must be. *United States v. Ronquillo*, 508 F.3d 744, 751 (5th Cir. 2007). Finally, "an error in applying the Guidelines is reversible error in cases involving non-

*Tzep-Mejia*, 461 F.3d 522, 525 (5th Cir. 2006).

Guideline sentences only if the sentence *resulted* from the error." *Duhon*, 541 F.3d at 396.

B. Acceptance of Responsibility

Douglas argues that the district court committed procedural error when it did not first consider Douglas's lack of remorse in calculating the applicable Guidelines range before using that factor to justify a higher, non-Guidelines sentence. Douglas contends that "lack of remorse" is essentially the same basis on which it contrarily granted him a three-point reduction from his offense level pursuant U.S.S.G. § 3E1.1 for "acceptance of responsibility."[2] The government responds that the district court properly granted credit for acceptance of responsibility because Douglas pled guilty, and also properly determined, in considering the § 3553(a) factors, that Douglas's statements to the court showed a lack of remorse for the crime's consequences.

To support his argument that the district court's seemingly contrary use of "acceptance of responsibility" and "lack of remorse" constitutes procedural error, Douglas largely relies on *United States v. Andrews*, 390 F.3d 840 (5th Cir. 2004). In *Andrews*, we found that the district court committed reversible error by granting the defendant an offense level reduction for acceptance of responsibility, but then finding his lack of acceptance of responsibility to justify an upward departure from the Guidelines. *Andrews*, 390 F.3d at 847-48. This court instructed that instead of granting an upward departure on the grounds that Andrews lacked acceptance of responsibility for his actions, the trial court should have used its discretion to deny the three-level downward adjustment for

---

[2] Douglas also argued that the district court erred by ordering his sentence to run consecutively to any sentence that might be imposed on pending state charges, acknowledging that argument was foreclosed by *United States v. Brown*, 920 F.2d 1212 (5th Cir. 1991), *abrogation on other grounds recognized*, *United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). He has withdrawn that challenge because the state proceedings concluded and the state court has chosen to run his state sentence concurrently with the time he is serving in federal custody.

acceptance of responsibility, "which, curiously, the court instead granted." *Andrews*, 390 F.3d at 847-48. Douglas argues that the material facts of this appeal are indistinguishable from those that led to reversal in *Andrews*. Douglas characterizes the district court's finding of a "lack of remorse" in his own case as another way of stating a failure to accept responsibility. We disagree.

We hold that "lack of remorse" and "acceptance of responsibility" can be separate factors and that a district court may consider each independently of the other. The district court in *Andrews* used contrary findings on the very same factor to grant a downward enhancement and then upwardly depart, while here the court based its upward variance on "lack of remorse," an independent factor. Because lack of remorse is a different consideration from finding acceptance of responsibility pursuant to § 3E1.1, it need not be addressed during the Guidelines calculation. The district court here clearly distinguished the two, first stating that it awarded Douglas the § 3E1.1 offense-level reduction for acceptance of responsibility because "the court recognize[d] that Mr. Douglas has pleaded guilty." However, the court went on to explain that it continued to be troubled by various statements by Douglas indicating that he "ha[d] no remorse about what he ha[d] done." Acceptance of responsibility accounts for the defendant's guilty plea, which relieves the government of the burden of being put to its proof. *See* § 3E1.1(b), cmt. 2, 3. It is not inconsistent for the district court to have determined that Douglas accepted and admitted his culpability for the crime but at the same time demonstrated a lack of remorse for his conduct.

The district court determined that Douglas was not remorseful based on his comments regretting leaving Mexico, and Douglas does not dispute the court's characterization of those comments. Under the advisory Sentencing Guidelines, the district court must consider various factors in crafting an individualized sentence and is free to give more or less weight to factors already

accounted for in that advisory range. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Other than § 3E1.1, Douglas points to nothing in the Guidelines that might require the district court to adjust its calculation of the advisory range for lack of remorse. Therefore, the court did not commit procedural error by granting him an offense level reduction for the acceptance of responsibility evidenced by his guilty plea while calculating the Guidelines and then sentencing him to an above-range non-Guideline sentence based on its assessment of the § 3553(a) factors, including its finding that the defendant lacked remorse for his crime.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.