**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-20662
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES ALBERT BRONNENBERG,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-451-ALL

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

James Albert Bronnenberg pleaded guilty to possession of child pornography involving the sexual exploitation of minors and was sentenced to a 78-month term of imprisonment. Bronnenberg argues that his within-guidelines sentence is both procedurally and substantively unreasonable. He does not suggest that the computation of the applicable guidelines was error, but he contends that the sentencing court plainly erred by failing to provide specific

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons for rejecting his argument that U.S.S.G. § 2G2.2, the sentencing guideline for child pornography, is not empirically based; the court gave improper weight to the 18 U.S.C. § 3553(a) sentencing factors; and his sentence is substantively unreasonable because § 2G2.2 is entitled to little or no deference and the § 3553(a) factors do not warrant a 78-month sentence.

A within-guidelines sentence is accorded a presumption of reasonableness regardless whether the guidelines provision upon which it is based is empirically grounded. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), *cert. denied,* 2009 WL 3162196 (October 5, 2009) (No. 09-6195); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 2009 WL 1849974 (October 5, 2009) (No. 08-11099). By imposing a sentence within the applicable sentencing guidelines, the district court implicitly rejected Bronnenberg's challenge to the validity of § 2G2.2. Bronnenberg has not shown that the district court plainly erred by failing to address this argument specifically. *See Mondragon-Santiago*, 564 F.3d at 365-67. The district court's extensive sentencing reasons show that the court imposed a reasonable sentence based on the § 3553(a) sentencing factors. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Douglas*, 569 F.3d 523, 528 (5th Cir. 2009). The fact that Bronnenberg's within-guideline sentence is based on a sentencing guideline that is not supported by empirical data does not render it unreasonable. *See United States v. Lemus-Gonzalez*, 563 F.3d 88, 94-95 (5th Cir. 2009), *cert. denied sub nom Gonzalez-Fernando v. United States*, 2009 WL 1574257 (October 5, 2009) (No. 08-10761). Accordingly, the sentence is AFFIRMED.