# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 30, 2010

Charles R. Fulbruge III
Clerk

No. 09-50043
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAIME TREJO-MATA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-3285-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jaime Trejo-Mata was convicted in the United States District Court for the Western District of Texas for possession with intent to distribute over 1,000 kilograms of marijuana and for conspiracy to possess with intent to distribute over 1,000 kilograms of marijuana.

On appeal, Trejo-Mata argues that the evidence was insufficient to support his conviction for possession with intent to distribute, but he presents no argument on the conspiracy count. His claim is that the evidence did not show

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he had knowledge of the marijuana that was in the trailer compartment of the truck he was driving. He also contends that the district court erred by sentencing him to 144 months of imprisonment, which was an upward variance from the advisory guidelines range of 120-121 months of imprisonment.

Because Trejo-Mata properly preserved the sufficiency issue in the district court, our review of his properly presented appellate arguments is *de novo*. *United States v. Harris*, 420 F.3d 467, 470 (5th Cir. 2005). He does not present any appellate argument challenging the sufficiency of the evidence to support his conspiracy conviction, and therefore we do not review that evidence.

The evidence to support his conviction for possession under 21 U.S.C. § 841 must show a (1) knowing, (2) possession of a controlled substance, (3) with the intent to distribute. *United States v. Miller*, 146 F.3d 274, 280 (5th Cir. 1998).

Evidence of Trejo-Mata's knowledge that the trailer contained marijuana arises from inferences. He drove his truck to the lot of the transportation company for whom he worked, and there picked up a trailer containing air conditioning equipment. He later put a lock on the trailer, even though it had been sealed by the manufacturer of the equipment and by the trucking company before he picked up the trailer. There was evidence that the value of the marijuana in the trailer of the rig he was driving was over two million dollars. There was testimony that he was nervous when being questioned at the checkpoint and lied about his citizenship. The seal on the trailer he was hauling did not match that on the bill of lading, supporting the inference that the door was opened, then closed and resealed. Trejo-Mata had three cell phones in the vehicle. The cell phone numbers and documents he possessed tied him to a group of people who were involved in transporting drugs in a similar fashion. This kind of evidence has been held to create inferences of knowledge. *See United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003); *United States v. Martinez-Moncivais,* 14 F.3d 1030, 1035 (5th Cir. 1994).

His control of the truck was sufficient to establish possession of the marijuana, and the amount of marijuana involved supported a finding that it was intended for distribution. *See United States v. Jones*, 185 F.3d 459, 464 (5th Cir. 1999); *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994).

Accordingly, the evidence was sufficient to support Trejo-Mata's conviction for possession with intent to distribute marijuana.

Because Trejo-Mata did not challenge the reasonableness of the district court's sentence below, we review this issue for plain error. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). The district court stated that it was imposing an upward variance to address the objectives in 18 U.S.C. § 3553(a)(2) and in light of Trejo-Mata's lack of remorse. The court stated that the advisory guidelines range was not sufficient to reflect the seriousness of the offense, to promote respect for the law, or to deter Trejo-Mata from re-offending. The court determined that the sentence imposed would protect the safety and welfare of the community and would promote respect for the law.

Lack of remorse is a fact that may support an upward variance. *See United States v. Douglas*, 569 F.3d 523, 527 (5th Cir. 2009). The district court was in the best position to judge the defendant and the circumstances of the offense, the court considered the appropriate sentencing factors, and articulated reasons why the sentence imposed was sufficient to serve those purposes. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *United States v. Williams*, 517 F.3d 801, 812-13 (5th Cir. 2008).

Trejo-Mata has not shown that the district court plainly erred in imposing his sentence. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

AFFIRMED.