**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4923**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

MARTIN KALCHSTEIN,

              Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:09-cr-00057-FDW-1)

Submitted:  June 28, 2010            Decided:  July 21, 2010

Before DUNCAN, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew Collin Joseph, Charlotte, North Carolina, for Appellant.
Edward R. Ryan, United States Attorney, Charlotte, North
Carolina; Lanny A. Breuer, Assistant Attorney General, Roanoke,
Virginia; Ellen R. Meltzer, Patrick M. Donley, Peter B.
Loewenberg, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martin Kalchstein pled guilty to failure to surrender for service of the sentence imposed in United States v. Kalchstein, No. 3:06-cr-00151-FDW-6 (W.D.N.C. Nov. 7, 2008),[*] in violation of 18 U.S.C. § 3146(a)(2) (2006), and contempt of court, in violation of 18 U.S.C. § 401(3) (2006). The district court sentenced Kalchstein to seventy-two months of imprisonment, an upward variance of more than five times the top of the advisory sentencing guidelines range. On appeal, Kalchstein contends that his sentence is unreasonable and greater than necessary to serve the purposes of 18 U.S.C. § 3553(a) (2006). Finding no reversible error, we affirm.

We review a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. "Procedural reasonableness evaluates the method used to determine a defendant's sentence." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). This court must assess whether the district court properly calculated the

_____

[*] Kalchstein's underlying convictions were for conspiracy to defraud the United States and two counts of wire fraud.

2

advisory guidelines range, considered the factors set forth in § 3553(a), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

If there is no procedural error, the appellate court reviews the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the [g]uidelines range." United States v. Morace, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks and citation omitted). "Where, as here, the district court decides that a sentence outside the advisory range is appropriate, [the court] 'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" Id. (quoting Gall, 552 U.S. at 50). "A major departure from the advisory range 'should be supported by a more significant justification than a minor one.'" Id. (quoting Gall, 552 U.S. at 50). In reviewing a variance sentence, this court "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a)

3

factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

    With these standards in mind, we have reviewed Kalchstein's sentence and find that it is procedurally and substantively reasonable. Kalchstein asserts that the district court committed procedural error in finding that he planned to flee well before he was required to report to serve his sentence and intentionally committed fraud in the process. Our review of the record leads us to conclude that a preponderance of the evidence supports the district court's conclusions. See United States v. Dean, 604 F.3d 169, 173 (4th Cir. 2010) ("Sentencing judges may find facts relevant to determining a [g]uidelines range by a preponderance of the evidence . . . .") (internal quotation marks and citation omitted).

    Kalchstein also asserts that the above-guidelines sentence imposed by the district court was greater than necessary to serve the purposes of § 3553(a) and therefore substantively unreasonable. He contends that the district court's consideration of his remorse during the original sentencing proceedings was irrelevant to the selection of the sentence imposed in this case. We find, however, that the district court properly considered the lenient sentence imposed for the underlying convictions, Kalchstein's lack of remorse, and his repeated deceptive and manipulative conduct in making

4

the premeditated decision to flee to avoid serving that sentence. See United States v. Douglas, 569 F.3d 523, 528 (5th Cir. 2009) (finding no error in "sentencing [defendant] to an above-range non-[g]uideline[s] sentence based on its assessment of the § 3553(a) factors, including its finding that the defendant lacked remorse for his crime"); United States v. Verkhoglyad, 516 F.3d 122, 130 (2d Cir. 2008) (finding no abuse of discretion where court considered fact that defendant "had repeatedly betrayed the trust reflected in [prior] lenient sentences" when sentencing defendant for violating conditions of his probation). Thus, we find no abuse of discretion in the district court's decision to impose a sentence significantly above the advisory guidelines range.

Accordingly, we affirm the district court's judgment. We deny Kalchstein's motion to file a pro se supplemental brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED