**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 30, 2010

Lyle W. Cayce
Clerk

No. 09-41265
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL FELLOVE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-638-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rafael Fellove was convicted by a jury of possession with intent to distribute over 1,000 kilograms of marijuana. On appeal, he argues that the evidence was insufficient to support his conviction. Specifically, Fellove claims that the evidence did not show that he *knowingly* possessed the marijuana found in his trailer.

Because Fellove properly preserved the sufficiency issue in the district court, we review his arguments de novo. *United States v. Harris*, 420 F.3d 467,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

470 (5th Cir. 2005). To support Fellove's conviction for possession with intent to distribute, the evidence must show: (i) a knowing, (ii) possession of a controlled substance, (iii) with the intent to distribute it. *See United States v. Miller*, 146 F.3d 274, 280 (5th Cir. 1998).

"The knowledge element in a possession case can rarely be established by direct evidence." *United States v. Ramos-Garcia*, 184 F.3d 463, 465 (5th Cir. 1999). Knowledge may be inferred from control of a vehicle in which drugs are found, but only if "the drugs are clearly visible or readily accessible." *United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1998). If the drugs are concealed or otherwise out of plain sight, as in this case, control of the vehicle alone is not sufficient to prove knowledge. *Id.* In such cases, "this Court requires other circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." *United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008) (internal quotation marks and citation omitted). Factors indicating guilty knowledge include nervousness, inconsistent statements, implausible explanations, possession of large amounts of cash, ownership or long-term possession of the vehicle or item containing the contraband, and the value of the contraband. *See United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003); *United States v. Moreno*, 185 F.3d 465, 472 & n.3 (5th Cir. 1999); *Pennington*, 20 F.3d at 598.

At trial, the Government presented evidence that Fellove owned and operated the tractor and trailer that contained the 1,600-plus kilograms of marijuana discovered; that Fellove claimed that the day of his arrest was the first time he had been to the Falfurrias, Texas, Border Patrol Checkpoint, but that the checkpoint's database indicated that the truck and/or trailer had gone through the checkpoint at least seven other times; that Fellove stated that he did not know what he was transporting; that Fellove possessed two bills of lading that contained incorrect, inconsistent, and incomplete information; that Fellove's driver's logbook was inconsistent with his travels and statements; that Fellove

showed unusual curiosity and nervousness as his trailer was being searched; that Fellove's trailer contained an envelope with $1,500 in twenty-dollar bills; and finally, that the volume of marijuana recovered from Fellove's trailer had an estimated street value of three million dollars. *See United States v. Martinez-Moncivais*, 141 F.3d 1030, 1035 (5th Cir. 1994) ("reasonable jurors could conclude that [a distributor] would not have entrusted millions of dollars in each truckload of drugs to an unknowing, innocent driver."). This evidence, when considered in light of the record as a whole, provided a substantial basis for the jury to find that Fellove's possession was knowing. *See Miller*, 146 F.3d at 281. In addition, Fellove's control of the truck was sufficient to establish possession of the marijuana, and the amount involved supported a finding that the marijuana was intended for distribution. *See United States v. Jones*, 185 F.3d 459, 464 (5th Cir. 1999); *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir. 1994). Accordingly, the evidence was sufficient to support Fellove's conviction for possession with intent to distribute marijuana. *See Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

Fellove also contends that the testimony of Pedro Figueroa was inadmissible guilt-by-association evidence. Because Fellove did not object at trial to any guilt-by-association evidence, review is for plain error. *See United States v. Thompson*, 454 F.3d 459, 464 (5th Cir. 2006).

The Government may not attempt to prove a defendant's guilt by showing that he associates with "unsavory characters." *See United States v. Singleterry*, 646 F.2d 1014, 1018 (5th Cir. 1981). Here, the Government focused primarily on the similarities between Fellove and Figueroa's unrelated cases. Figueroa's testimony suggested a connection between Fellove and a marijuana broker who transported large volumes of marijuana using the same method Fellove had employed here. *See United States v. Trejo-Mata*, 372 F. App'x 466, 467 (5th Cir. 2010) (evidence linking defendant to drug broker involved in transporting drugs in a similar fashion to that employed by the defendant permissible "to create

inferences of knowledge."). Moreover, Fellove and Figueroa had the same drug broker's phone number in their cell phones, although the two men (Fellove and Figueroa) had no ties to one another. Figueroa's testimony and the prosecutor's comments on that testimony, when viewed as a whole, were not impermissible evidence of guilt by association, *see United States v. McCall*, 553 F.3d 821, 827 (5th Cir. 2008), but were offered to further show Fellove's knowing possession of the marijuana found in his trailer. Accordingly, the district court did not plainly err by permitting Figueroa's testimony. *See Thompson*, 454 F.3d at 464.

AFFIRMED.