### UNITED STATES of America, Plaintiff–Appellee

v.

### William James McGUIRE, Defendant–Appellant.

No. 11–30275
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 4, 2012.

Josette Louise Cassiere, Assistant U.S. Attorney, Robin Samson McCoy, U.S. Attorney's Office, Shreveport, LA, for Plaintiff–Appellee.

Ansel Martin Stroud, III, Esq., Barham, Warner, Stroud & McKay, Shreveport, LA, for Defendant–Appellant.

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM: *

William James McGuire appeals the 120–month sentence of imprisonment imposed following his guilty plea conviction of bank fraud. His sentence represents an upward variance from the guideline range of 51 to 63 months.

We review a district court's sentencing decision for abuse of discretion. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Cisneros–Gutierrez,* 517 F.3d 751, 764 (5th Cir.2008). We first determine whether the district court committed any significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall,* 552 U.S. at 51, 128 S.Ct. 586. If the district court's sentencing decision is procedurally sound, we then review the substantive reasonableness of the sentence under an abuse of discretion standard. *Id.*

*Procedural reasonableness*

McGuire asserts that the district court failed to adequately explain its sentence. He contends that the district court did not sufficiently address on the record concerns about his health and that it failed to explain why the guideline range was not appropriate for a 64–year–old first-time offender with medical problems. He argues that the district court's explanation does not allow for meaningful appellate review.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because McGuire did not object to the adequacy of the district court's explanation, our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir.2009). Although the district court did not specifically allude to McGuire's first-time offender status or his medical problems, it provided an extensive explanation for its selection of sentence. The district court indicated that it had considered McGuire's history and characteristics, his criminal history, the offense, and the § 3553(a) factors. The record of the sentencing proceedings is sufficient for appellate review, and there is no indication that the district court considered an improper factor or that it would have imposed a lesser sentence on remand. McGuire has failed to shown an entitlement to relief under the plain error standard. *See Whitelaw*, 580 F.3d at 264–65.

*Substantive reasonableness*

"A non-Guideline sentence unreasonably fails to reflect the [§ 3553(a) ] sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir.2006). Arguing pursuant to *Smith*, McGuire asserts that the sentence does not account for his medical condition and his lack of criminal history. He contends that the district court improperly varied upwardly based on his abuse of a position of trust and the vulnerability of his victims; he notes that enhancements for these factors had been applied, thus increasing his guideline range. McGuire argues that the district court committed a clear error of judgment in balancing the sentencing factors.

The district court determined that McGuire, as the owner and operator of a funeral home in a small community, a business previously run by his father, had occupied a "unique position of trust." The district court also determined that McGuire's conduct extensively affected the victims, who were mostly elderly, and that the family members of deceased victims had also been victims of the offense because they had borne funeral expenses as a result of McGuire's offense. These determinations are supported by the record.

"Under the advisory Sentencing Guidelines, the district court must consider various factors in crafting an individualized sentence and is free to give more or less weight to factors already accounted for in that advisory range." *United States v. Douglas*, 569 F.3d 523, 527–28 (5th Cir. 2009). The district court's determination that an upward variance was warranted based on factors already considered in establishing the guideline range was not an abuse of discretion. *See id.* We must accord "due deference" to the district court's determination that the sentencing factors taken as a whole justify the extent of the variance. *Gall*, 552 U.S. at 51, 128 S.Ct. 586.

AFFIRMED.