# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20727
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN ANTONIO ROMO VERA, also known as Juan Antonio Romo, also known as Juan Antonio Romo-Vera, also known as Juan Romo-Vera, also known as Antonio Romo Vera, also known as Antonio Ramo, also known as Cesar Emilo Reynaga-Rangel, also known as Antiono Juan Romo, also known as Juan Antonio Ramo, also known as Juan Romo,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-495-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Romo Vera challenges the substantive reasonableness of his sentence, imposed on resentencing, for his conviction for unlawful presence in the United States, pursuant to 8 U.S.C. §§ 1326(a) and (b).  Vera was

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

sentenced to, *inter alia*, 59-months' imprisonment, an upward variance from an advisory Sentencing Guidelines range of 33- to 41-months' imprisonment.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As noted, Vera challenges only the substantive reasonableness of his sentence.

The district court originally sentenced Vera to 90-months' imprisonment, within a 77- to 96-months Guidelines sentencing range. Following our court's decisions in *United States v. Herrold*, 883 F.3d 517, 541 (5th Cir. 2018) (en banc) (holding "the burglary provisions encoded in Texas Penal Code §§ 30.02(a)(1) and (3) are indivisible" and "Texas Penal Code § 30.02(a)(3) is nongeneric because it criminalizes entry and subsequent intent formation rather than entry with intent to commit a crime"), *vacated*, 139 S. Ct. 2712 (2019), and *United States v. Godoy*, 890 F.3d 531, 535–36 (5th Cir. 2018) (relying on *Herrold* to hold Texas burglary of a habitation does not constitute burglary of a dwelling for purposes of the 16-level crime-of-violence enhancement in Guidelines § 2L1.2 for unlawful reentry or presence in the United States), our court vacated Vera's sentence and remanded for

resentencing. *United States v. Romo Vera*, 734 F. App'x 263, 264 (5th Cir. 2018).

Accordingly, on resentencing, Vera's Guidelines sentencing range was reduced on the issue of whether his prior conviction for burglary of a habitation under Texas Penal Code § 30.02(a)(1) constituted a crime of violence for purposes of Guideline § 2L1.2(b)(1)(A)(ii) (2015) (providing a 16-level crime-of-violence enhancement following unlawful reentry or presence convictions). Based on the resulting 33- to 41-months range, the district court imposed an upward variance to sentence Vera to the 59-months' imprisonment he now challenges.

Subsequent to the completion of briefing for this appeal, neither party has raised what effect, if any, the Supreme Court's June 2019 decision in *Quarles v. United States*, 139 S. Ct. 1872, 1880 (2019) (holding "generic remaining-in burglary occurs . . . when the defendant forms the intent to commit a crime at any time while unlawfully remaining in a building or structure"), and the concomitant vacate and remand in *Herrold*, 139 S. Ct. 2712, may have on this proceeding. Therefore, we will not consider that possible issue.

An upward variance is unreasonable if the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors" in 18 U.S.C. § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). According to Vera, the district court made a clear error of judgment when balancing the sentencing factors by relying on his criminal history when the Guidelines already accounted for this history. Additionally, he asserts the extent of the upward variance overemphasized the need for deterrence because he faces a lengthy

No. 18-20727

sentence under the Guidelines if he illegally reenters the United States again. Finally, he contends the upward variance negated a three-level reduction he received under the Guidelines for acceptance of responsibility. Each contention fails; there was no abuse of discretion.

The district court appropriately relied on Vera's extensive criminal history, his pattern of illegally reentering the United States and committing further crimes, and the failure of an earlier 37-month sentence for the same offense to deter him. *See Gall*, 552 U.S. at 49–50 & n.6. Our court has affirmed lengthier upward variances imposed for similar reasons. *See, e.g.*, *United States v. Lopez-Velasquez*, 526 F.3d 804, 805–07 (5th Cir. 2008); *Smith*, 440 F.3d at 705–06, 708–10. We have also rejected the assertion defendant's criminal history was an improper factor because the Guidelines accounted for it, *Lopez-Velasquez*, 526 F.3d at 807, as well as the contention an upward variance was unreasonable because it negated the effect of an adjustment for acceptance of responsibility. *See, e.g.*, *United States v. Douglas*, 569 F.3d 523, 527–28 (5th Cir. 2009).

AFFIRMED.

4