# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2020

No. 19-20690
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE MOYAO RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-281-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Enrique Moyao Rodriguez pleaded guilty to being illegally present in the United States after having been previously removed, in violation of 8 U.S.C. § 1326, and was sentenced above the guidelines range to 24 months of imprisonment. He argues that his sentence is substantively unreasonable, urging that the district court clearly erred in balancing the various sentencing factors, giving too much weight to old, uncharged illegal reentries and his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

misdemeanor conviction for driving while intoxicated (DWI) and insufficient weight to the advisory guidelines range.

This court reviews the substantive reasonableness of a sentence under a highly deferential abuse-of-discretion standard. *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court made clear that it had considered the guidelines range and concluded that it was insufficient to address the concerns of 18 U.S.C. § 3553(a), particularly Rodriguez's recidivism and dangerousness, citing his five prior illegal entry or reentry offenses, the majority of which were uncharged, and the circumstances of his DWI offense. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Inasmuch as Rodriguez argues that the court should not have considered his prior uncharged illegal entry and reentry offenses, his argument is unpersuasive. *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Further, the court could permissibly consider the repetitive nature of Rodriguez's offense. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *see also* §§ 3553(a)(1), (a)(2)(B).

Rodriguez fares no better by arguing that the district court gave too much weight to his prior convictions because they were already included in the guidelines calculations. *See United States v. Douglas*, 569 F.3d 523, 527-28 (5th Cir. 2009); *see also United States v. Key,* 599 F.3d 469, 475 (5th Cir. 2010). Contrary to Rodriguez's assertion, the district court implicitly considered the facts surrounding his prior unprosecuted offenses through its adoption of the

No. 19-20690

PSR. *See United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994). Additionally, there was plausible, reliable information in the record to support the district court's finding of dangerousness. *See United States v. Cantu-Ramirez*, 669 F.3d 619, 629 (5th Cir. 2012).

Inasmuch as Rodriguez complains that the extent of the variance was unjustified, his argument is unavailing. Although the 24-month sentence imposed is 12 months greater than the top of his 6- to 12-month guidelines range, the extent of the departure is consistent with the § 3553(a) factors—particularly Rodriguez's history and the need for adequate deterrence. *See* § 3553(a)(1), (a)(2)(B); *United States v. Pillault*, 783 F.3d 282, 288 (5th Cir. 2015).

Rodriguez has not demonstrated that the district court abused its discretion. *See Diehl*, 775 F.3d at 724-25; *Cooks*, 589 F.3d at 186. Accordingly, the district court's judgment is AFFIRMED.