# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2021

Lyle W. Cayce
Clerk

No. 20-50746
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ORTAVIUS VICTOR JONES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CR-137-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Ortavius Victor Jones appeals the sentence imposed following his conviction by a jury of possession of a firearm by a convicted felon and receipt of a firearm by a convicted felon. He argues that the district court improperly

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50746

applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) and that the sentence was procedurally and substantively unreasonable.

This court reviews the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). When reviewing for clear error, district courts may make reasonable inferences from the facts, and a fact finding is not clearly erroneous if it is plausible in light of the record as a whole. *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014).

Under § 2K2.1(b)(6)(B), a defendant's base offense level is increased four levels "[i]f the defendant . . . used or possessed any firearm . . . in connection with another felony offense." Application note 14(A) to § 2K2.1 instructs that subsection (b)(6)(B) should apply "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." § 2K2.1, comment. (n.14(A)). Here, the felony offense was aggravated assault with a deadly weapon.

The district court's finding that Jones used the firearm during the commission of the aggravated assault against his father is plausible in light of the testimony provided by his father. *King*, 773 F.3d at 52. Therefore, the district court's factual finding was not clearly erroneous. *See id.* In light of that finding, the district court properly applied the four-level enhancement. *See* § 2K2.1, comment. (n.14(A)); *Trujillo*, 502 F.3d at 356.

Next, Jones argues that in choosing to impose consecutive upwardly variant sentences, for a total of 144 months of imprisonment, the district court disregarded 18 U.S.C. § 3553(a)(4). It is uncertain whether Jones preserved this argument for appeal, but we need not decide this question because Jones's argument is unavailing even under the ordinary abuse of discretion standard. The record reflects that, as required by § 3553(a)(4), the district court considered the guidelines range of imprisonment when

formulating the sentence.  In crafting an individualized sentence, the district court permissibly gave more weight to Jones's history and characteristics than to the other § 3553(a) factors.  *See* § 3553(a); *United States v. Douglas*, 569 F.3d 523, 528 (5th Cir. 2009).  The district court based this decision on the determination that Jones committed perjury and suborned perjury at trial.  The district court was free to conclude, as it did, that consecutive upwardly variant sentences would best achieve the sentencing goals set forth in § 3553(a).  *United States v. Conlan*, 786 F.3d 380, 394 & n.46 (5th Cir. 2015).  Because Jones has not demonstrated that the district court failed to consider the sentencing guidelines in imposing its upwardly variant sentence, he has not shown any abuse of discretion by the district court in that regard.  *See Douglas*, 569 F.3d at 528; *Conlan*, 786 F.3d 380.

Finally, Jones argues that the sentence is substantively unreasonable because the district court did not give appropriate weight to his difficult relationship with his father or to the abuse he suffered when he was young.  This court reviews the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  An above-guidelines sentence, like Jones's, may be unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."  *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks and citation omitted).  Additionally, when reviewing a non-guidelines sentence for substantive reasonableness, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range," *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted), but "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," *United States v. Broussard*, 669 F.3d

537, 551 (5th Cir. 2012) (internal quotation marks and citation omitted).  A sentence is not unreasonable merely because a different sentence would also have been appropriate.  *Gall*, 552 U.S. at 51.

In this case, the advisory guidelines range of imprisonment was 51 to 63 months.  The district court upwardly varied to 72-months of imprisonment on each of Jones's two count, with the sentences to run consecutively.

Nothing in the record reflects that the district court failed to "account for a factor that should have received significant weight," or that it gave "significant weight to an irrelevant or improper factor," and the sentence does not represent "a clear error of judgment in balancing the sentencing factors."  *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Jones's disagreement with the way the district court balanced the sentencing factors is insufficient to show that the district court clearly erred in its determination. *See United States v. Powell*, 732 F.3d 361, 382 (5th Cir. 2013).  The district court's conclusion that the § 3553(a) factors justified the extent of the deviation must be given due deference, and the fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."  *Gall*, 552 U.S. at 51; *see Broussard*, 669 F.3d at 551.

AFFIRMED.